STATE OF MINNESOTA *vs.* THOMAS KINNEY.

December 4, 1885.

**Railway Conductor—Ejecting Persons from Train.**—It is the duty of a railroad conductor to stop his train before ejecting a passenger, (who is wrongfully thereon,) so as to avoid the danger of personal injury.

**Same—Liability for Assault.**—He is liable for an assault if he forcibly ejects such passenger while the train is in motion.

Appeal by defendant from a judgment of the district court for Chippewa county, affirming the judgment of a justice of the peace.

*T. F. Knappen*, for appellant.

*William J. Hahn*, Attorney General, and *James M. Martin*, for the State.

VANDERBURGH, J. The defendant was convicted of the offence of assault and battery in justice's court. The complaining witness swears that he was put off a train of cars while in rapid motion, by force and compulsion of the defendant, who was the conductor of the train. He is supported by one witness in several essential particulars. Both state that the train was going at the rate of 15 or 16 miles an hour. Defendant and his witnesses deny the use of any physical force, or that any assault was made upon the complainant, and testify that the train was moving only six miles an hour when he was ordered off.

The argument as to the sufficiency of the evidence to prove an assault was a proper one to be addressed to the trial court. But the

evidence in behalf of the state is sufficient to sustain the finding and judgment of the court, and it cannot be assigned for error that more credit was given to the evidence of the complainant than to that of the defendant.   The prosecuting witness does not question the legal right of defendant to require him to leave the train, but complains of the manner and circumstances under which he was ejected.   It was perilous to leave the train while moving even at the rate of six miles an hour.   He was justified in refusing so to do while the speed of the train rendered it unsafe.   It was the duty of the conductor to stop the train under such circumstances; hence his forcible expulsion of the passenger before the train was brought substantially to a stand-still was unlawful, and rendered him liable for an assault.

Judgment affirmed.