CHICAGO, MILWAUKEE & ST. PAUL RAILROAD COMPANY
.V.
WALTER WEST, BY NEXT FRIEND.

*Railroads—Personal Injury to Boy—Conflict of Evidence—Rights of Trespasser—Violation by its Servant of Defendant's Rules.*

In an action against a railroad company to recover damages for a personal injury to the plaintiff, a boy about seven years of age, caused by an engineer of the defendant ordering the plaintiff to get off his engine while in motion, it is *held:* That the evidence being conflicting the verdict of the jury settles the facts; that, although the engineer violated his instructions in inviting the

plaintiff upon his engine, and although the plaintiff was a trespasser, he had a right to be exempted from the gross carelessness of the defendant's servant in removing him from the engine; that the violation of the rules of the defendant by its servant does not relieve it from liability for his subsequent wrongful acts while endeavoring to obey and enforce said rules; and that his act can not be regarded as wilful and unauthorized.

[Opinion filed November 23, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. E. WALKER, for appellant.

Mr. SELDEN FISH, for appellee.

MORAN, P. J. The evidence introduced in this case, on the trial in support of the plaintiff's cause of action, tended to show that plaintiff, being at the time about seven years of age, was invited by the engineer to get upon the engine which was used for switching cars upon defendant's tracks; that after riding up and down in the yard several times, and when the engine was moving, the engineer said to plaintiff that the "old man," meaning the yard-master, was coming, and told him to get off; that in obedience to such command plaintiff climbed down the steps of the engine and in attempting to reach the ground his foot was caught under the wheels and crushed. That at the time the engineer told the plaintiff to get off, the engine was moving about as fast as the plaintiff could run, and it was not "slowed up" to enable the plaintiff to get off. The evidence introduced in behalf of defendant was in almost all particulars in conflict with that of plaintiff, and the verdict must be regarded as settling the issues of fact, and as the verdict is supported by the evidence the judgment must stand, unless there was some error of law committed by the trial court, which shall be found to require a reversal of the case.

It is contended by appellant's counsel that the railroad company can not be held liable for an injury occurring in consequence of the act of its employe which was not done in the

line of his duty, but was in fact in direct violation of the express rules of the company. It is shown that there were plain instructions hanging up in the cab, not to allow any one to ride on the engine except employes, and the rule of the company was shown to be as follows: "No person will be allowed to ride upon the engines except road-masters on their own divisions, conductors or forward brakemen of the train, without permission from the superintendent or master mechanic. Every engineer will be held responsible for the strict enforcement of this rule."

It is apparent that the engineer had no authority to invite the boy upon his engine, and that his doing so was a palpable violation of the rule which the company had laid down for the government of his conduct; but it is also manifest that the boy who got on in obedience to the invitation, could be in no worse position than if he had stolen on without the notice of the engineer, or jumped on as the engine was starting, against the direct order of the engineer that he should keep off. So far as the relation of the company is concerned, the boy, whether he got on at the engineer's invitation, or against his command, was a trespasser, and it may be conceded that if, while riding upon the engine, even by the invitation and permission of the engineer, he had been injured by reason of some negligence in the management or operation of the engine or the road, the company would not be responsible. Being a trespasser, the company would owe him no duty of protection against the ordinary perils of the position which he voluntarily assumed. But when the injury results from the direct act of a servant of the company in endeavoring to enforce the rule of the company, a different question is presented.

The boy had no right to remain on the engine, but he had a right to be exempted from the peril of gross carelessness on the part of defendant's servants in removing him therefrom, and they were bound to exercise toward him, in putting him off, care and prudence, so that in enforcing the rule of the company no injury should be inflicted, which, in view of all the circumstances, reasonable caution on their part could prevent.

C., M. & St..P. R. R. Co. v. West.

It is sought to treat the act of inviting the boy on the engine, allowing him to ride thereon and the ordering him off, as one continuous act of the engineer, all without authority, and hence creating no liability against the company. We can not perceive that the fact that the servant of the company violates its rules, can relieve the company from liability for his wrongful acts, when he afterward undertakes to obey and enforce them. That the rule of the company in evidence authorized the engineer to remove any person wrongfully upon his engine, whether the entry there was in its inception by his invitation or against his will, there can be no doubt. In removing the intruder he was doing the will of the company and his act can not be regarded as wilful and unauthorized. When the act is authorized by the master, he is always liable for the negligent or improper execution of it by the servant.

So it was held that the company was liable where a baggage man forced a boy, who got on the rear platform of a baggage car which was being switched, to jump off while the car was in motion and at a dangerous place, the rule of the company posted up in the car being as follows: "No person will be allowed to ride on this baggage car, except the regular train men employed thereon. Conductors and baggage men must see this order strictly enforced." Rounds v. D. & L. W. R. R. Co., 64 N. Y. 129.

In Holmes v. Wakefield, 12 Allen, 580, where the instruction of the company was, " The conductors will not allow any person to ride in any freight car attached to their trains," it was argued that this direction only authorized the conductor to prevent persons getting on the car but did not require him to remove them, especially after the car was in motion. The court said : "We do not think the effect of the instruction can be so limited. It plainly made it his duty to prevent any persons riding on a freight car. This he might do in any lawful and proper manner, by the use of reasonable force to prevent getting upon the car, or removing a person who had got upon the car in violation of the rule. The wrong, to the plaintiff, consisted in using force unreasonably ; that is, at a time and under circumstances which made it dangerous to his life or limb."

It is urged that there is no evidence in the record which shows that the engineer used or even threatened to use any force. The evidence is that he said to the boy, "cheese it, the old man is coming," and told him to get off. Whether what was said and the manner of saying it to this boy of seven years was equivalent to actual force, was for the jury to say. As was said by the court in Lovett v. S. & S. D. R. R. Co., 9 Allen, 557, in answering a similar objection, "His obedience would be naturally expected, without regard to the risk he might incur, and in respect to a child so young, the command would be equivalent to compulsion."

It was, we think, the plain duty of the engineer not to direct the boy to get off the engine till he had stopped it, or at least to have "slowed up" so that the descent from the engine would be rendered reasonably safe. Kline v. C. P. R. R. Co., 37 Cal. 400.

We have examined the instructions given for plaintiff, and find them in substantial accord with the views above expressed and quite as favorable to the defendant as it had a right to ask. We think also that the court was right in declining to give defendant's instructions which were refused. We find no error in the record and the judgment of the Superior Court will therefore be affirmed.

*Judgment affirmed.*