## Chicago, Milwaukee & St. Paul Railway Company

### v.

## Mary Yando.

*Railroads—Personal Injuries—Evidence—Instructions—Bill of Exceptions.*

1. Instructions not incorporated in the bill of exceptions can not be considered by this court.

2. In an action against a railroad company to recover damages for personal injuries, this court declines to interfere with the verdict for plaintiff.

[Opinion filed May 31, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Mr. E. Walker, for appellant.

Messrs. Joseph S. Kennard, Jr., and George W. Brandt, for appellee.

It has long been the settled law of this State that railroad companies are liable for the wanton and malicious acts of their servants in control of their trains, even though such acts are done contrary to the instructions of the employer. T. W. & W. R. R. Co. v. Harmon, 47 Ill. 298; C., B. & Q. R. R. Co. v. Dickson, 63 Ill. 151; N. W. R. R. Co. v. Hack, 66 Ill. 238; C., B. & Q. R. R. Co. v. Bryan, 90 Ill. 126; C. C. Ry. Co. v. McMahon, 103 Ill. 485.

In C. & A. R. R. Co. v. Kellam, 92 Ill. 245, where an engine driver saw, or could have seen, in time to slacken the speed of or stop his train, a lot of cattle crossing the railroad track upon a highway, but did not stop the train or slacken its speed, and killed an animal, which had escaped from its owner's inclosure, it was held that this showed a high degree

of negligence, and that the railroad company was liable for the value of the animal so killed. Among other things the court said: "Under the circumstances, it was negligence of a high degree not to slacken the speed of the train. It was running at the rate of thirty miles an hour. The result that followed ought to have been anticipated, and it seems little less than recklessness in the engine driver not to heed the danger that was so imminent."

McALLISTER, J. This was an action by the appellee against the railroad company, appellant, to recover damages for a personal injury occasioned May 15, 1885, by reason, as it is alleged, of the gross, wilful and culpable negligence of the engine driver of the defendant in running his engine against and over the plaintiff, while being inadvertently on, or in dangerous proximity to the track on which said engine was going, and being unaware of her danger, but he, said engine driver, having seen the plaintiff and become aware of her danger a sufficient distance from her to have stopped his engine, by the exercise of ordinary care, and avoided the injury, did not do so, but ran such engine over her, inflicting a grievous and permanent injury.

Upon the trial, evidence was introduced on behalf of plaintiff which tended to prove all the elements of such a cause of action. The jury found the defendant guilty and assessed plaintiff's damages in the sum of $5,000, on which judgment passed and defendant appealed to this court.

The only questions presented by the record as we find it, are such as arise upon a general motion for a new trial and in arrest of judgment. We have examined the bill of exceptions and find no error of law in the admission or exclusion of evidence, and that the evidence on behalf of plaintiff tended to support the verdict, and that there is no such countervailing evidence as would justify this court in interfering with such verdict. Counsel for appellant has suggested, not argued, that the court erred in refusing instructions asked on behalf of the defendant. On reference to the bill of exceptions, we find no instructions incorporated therein. None are therefore

presented for consideration. This matter of instructions is, in this case, in the same category as in the case of Liverpool, London & Globe Ins. Co. v. Sanders, decided at this term, *ante,* p. 559.

Perceiving no error in the record, the judgment will be affirmed.

*Judgment affirmed.*