The Chicago, Milwaukee and St. Paul Railway Company

*v.*

Walter West.

*Filed at Ottawa June 16, 1888.*

1. Master and servant—*liability of the master for acts of the servant—generally.* Where the relation of master and servant exists between a railway company and the person whose act is the cause of injury to another person, the company will not be liable if the servant causing the injury is not acting within the scope of his employment; but on the other hand, the master is responsible, when the servant acts within the general scope of his employment, for acts done while engaged in his master's business, with a view to the furtherance of that business, by which injury is caused to another, whether negligently or wantonly committed.

2. Same—*engine-driver permitting persons to ride upon the locomotive.* It is the duty of an engineer in charge of an engine, to not permit any unauthorized person to get on or ride upon the same, and if any stranger gets upon the engine, even if by his invitation, it is his duty to put him off, and in doing so he will be acting within the scope of his employment, and if, in the discharge of that duty, he negligently or wantonly inflicts an injury upon such person, the master will be liable. It is the duty of the engineer to observe reasonable care in putting a person off the engine, even when wrongfully there.

3. So if the engineer invites a person to ride with him on his engine, this. act will not be within the scope of any duty he owes to his employer, and if any injury happens to such person on account of such act of the engineer himself, whether negligently done or not, the master will not be liable.

4. But where the engineer invites a boy of the age of seven years to ride on his engine, without authority, or in violation of his duty, and then directs the boy to get off while the engine is in motion, and the latter is injured in getting off, the company will be liable for the injury. It is negligent conduct in the engineer to direct a child of that age to get off while the engine is in motion, for which the company is liable in case of a personal injury caused thereby.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. E. WALKER, for the appellant:

Where the relation of master and servant exists between a railway company and the person whose act is the cause of the injury to another person, the company is not liable if the servant, in causing the injury, is not acting within the scope of his authority. Railway Accident Law, sec. 105; *Mitchell* v. *Crassweller*, 13 C. B. 137; 76 E. C. L. 2; Wood on Railway Law, 1213, 1224; Story on Bailments, sec. 402; *Ramsden* v. *Railroad Co.* 104 Mass. 120; *Watton* v. *N. Y. C. S. C. Co.* 139 id. 558; *Howe* v. *Newmarch*, 12 Allen, 57; *Snyder* v. *Railroad Co.* 60 Mo. 413; *Sherman* v. *Railroad Co.* 72 id. 62; *Mott* v. *Ice Co.* 73 N. Y. 547; *Duff* v. *Railroad Co.* 91 Pa. St. 458; *Flower* v. *Railroad Co.* 69 id. 210; *Coal Co.* v. *Heeman*, 86 id. 418; *Halty* v. *Markel*, 44 Ill. 225; *Railroad Co.* v. *Downey*, 18 id. 259; *Railroad Co.* v. *Flexman*, 103 id. 546; *Railway Co.* v. *McMahon*, id. 486.

Mr. SELDEN FISH, for the appellee:

Putting the boy off the engine was within the scope of the engineer's authority, and if negligently done, resulting in injury, the company was liable. *Railroad Co.* v. *Flexman*, 103 Ill. 546; *Railway* v. *McMahon*, id. 486; *Railroad Co.* v. *Hack*, 66 id. 241.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This appeal is from a judgment of affirmance by the Appellate Court for the First District of a judgment rendered by the trial court in favor of Walter West, who sues by his next friend, Elizabeth West, against the Chicago, Milwaukee and St. Paul Railway Company. The action was to recover for

21—125 ILL.

personal injuries to the beneficial plaintiff, occasioned by the improper conduct of defendant's servants in putting him off an engine, on which it is alleged plaintiff had been riding by the invitation of the engineer. Of course, evidence in relation to controverted questions of fact can not be discussed, and the argument addressed to this court on that branch of the case will not be considered.

Among the controverted questions of fact made before the jury, were, first, as to how plaintiff got on the engine,—whether by the invitation of the engine-driver, or otherwise; and second, whether he was on the engine at all. It is insisted on behalf of plaintiff, that he got upon the engine by the invitation of the engine-driver, and that he was injured by the negligent conduct of the engineer in putting him off without first stopping the engine; and on the part of defendant it is claimed plaintiff was not on the engine at all, but that he was injured in attempting to get on a flat-car while the train was in motion, without any knowledge on the part of the train-men that he was trying to do so. There is testimony tending to sustain both positions. The jury, by their verdict, sustained plaintiff's theory of the case, and as there is testimony tending to support the verdict, since that finding has been affirmed by the Appellate Court, the finding of the latter court is conclusive on this court. It will therefore be assumed, in the consideration of the questions of law discussed, that plaintiff was on the engine by invitation of the engine-driver, and that the injuries sustained by him were caused by the negligent manner in which plaintiff was put off the engine while in motion. It is not necessary for this court to express an opinion whether it would have found the same way, from the evidence, the trial and Appellate courts did. The statute provides, this court shall not reconsider controverted questions of fact. That is the appropriate work of the courts through which the cause has come to this court. It has now passed that stage where controverted questions of fact can be reviewed.

Undoubtedly the law is as counsel states it to be, that where the relation of master and servant exists between the railway company and the person whose act is the cause of injury to another person, the company is not liable if the servant, in causing the injury, is not acting within the scope of his employment; but, on the other hand, the law is equally well settled that the master is responsible, where the servant acts within the general scope of his employment, for acts done while engaged in his master's business, with a view to the furtherance of that business, by which injury is caused to another, whether negligently or wantonly committed. Applying these general principles of law, the case in hand will be found to present no serious difficulty. Conceding, as must be done, the engineer invited plaintiff to ride with him on his engine, he was acting without the scope of any duty he owed to his employer, and had any injury come to plaintiff on account of that act of the engineer itself, whether negligently done or not, the master would not be liable. If that were all there is of this case, it is plain the judgment would be contrary to law, and should be set aside. The action is not based on any such ground. It is sought to recover for a very different reason. It is because when plaintiff was on the engine, no matter how he got there, it was the duty of the engineer to put him off, and in doing so he was obliged to observe reasonable care. The rules of the company, in evidence, show it was unlawful for any one, other than certain employes, to ride upon the engine. Should any stranger get upon the engine, it would clearly be the duty of the engineer to put him off, and in doing so he would be acting within the general scope of his employment, and if, in the discharge of that duty, he negligently or wantonly injured such person, the master would be liable. In this case it may be conceded plaintiff was wrongfully on the engine, whether he was there by the invitation of the engineer or by his own wrongful conduct, and it was the duty of the engineer to cause him to get off. At the time of the accident plaintiff was about

seven years old, and, of course, was too young to observe much, if any, care for his personal safety. It was the duty of the engineer to observe care, even if plaintiff was in the wrong in getting upon the engine. It was admitted by counsel at the trial, "the engineer has no right to throw a boy off or to kick him off." That concession is in harmony with the law that makes it his duty to observe reasonable care, under the circumstances, in putting a person off the engine, even when wrongfully there. The evidence tends to show, and it must be assumed such is the fact, that when the engine-driver saw the yard-master, he said to plaintiff, "Cheese it,—the old man is coming," and then told plaintiff to get off. The engine was then in motion, and the boy undertook to get off, as he was told to do, and in doing so was injured, as is alleged in the declaration. Conceding these to be the facts, it was negligent conduct in the engineer to direct a child only seven years old to get off the engine while in motion. It may be the engine-driver was guiltless of improper or negligent conduct in the matter; but the lower courts have found otherwise, and this court is prohibited from reviewing that finding, and it must consider the case as it comes before it.

The instructions given for plaintiff are not so variant from views here expressed as to make the giving of them any serious ground of error. The second and fourth requests of defendant, which the court refused to give, do not contain accurate expressions of the law applicable to the facts of the case, and the court very properly refused to give them. Other instructions asked were properly refused for the same reason. The doctrine applicable to "co-employes in the same line of employment," as stated in the seventh refused instruction, could have no appropriate application to the facts of the case, and was properly refused.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*