# CHICAGO CITY RAILWAY COMPANY
## v.
## LUCIEN PELLETIER.

*Street Railways—Personal Injuries—Assault by Conductor—Liability of Company—Evidence—Instructions.*

1.    The conductor of a street car may eject therefrom a person, whether

he has paid his fare or not, who will not behave with common decency, using such force only as may be necessary for the purpose. But such ejectment must not take place at a time and under circumstances which make it dangerous to life and limb.

2. In an action brought by a passenger upon a street car to recover for injuries suffered through being pushed therefrom by the conductor thereof, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed September 11, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. C. M. HARDY, for the appellant.

Mr. F. W. TOURTELLOTTE, for the appellee.

MORAN, J. This is an appeal from a judgment rendered in favor of appellee and against appellant, for an injury alleged to have been received by appellee by his being pushed from one of appellant's horse cars by the conductor thereof while the said car was in motion.

Appellee's evidence tended to show that appellee and a companion named Olsen, boarded a north bound car on Halsted street near the Stock Yards; that Olsen paid the conductor ten cents, the fare for himself and appellee; that in a few moments the conductor asked appellee for his fare and was told that Olsen had paid for appellee as well as himself; that the conductor denied this and insisted that Olsen had paid him only five cents, and told appellee if he did not pay his fare he would put him off the car. Appellee declined to pay, and insisted that the fare had been paid once, and the conductor stopped the car and took hold of appellee and put him off. That after the car started appellee ran after it and got on again, and his fare was again demanded by the conductor, and on his refusal to pay the car was again stopped and after a considerable struggle with the conductor he was again put off, but again ran after the car and got on the rear platform. He rode for some little distance, the conductor in the meantime disputing with Olsen about the payment of the fare,

Olsen insisting that appellee had a right to ride as his fare had been paid once; when, without saying anything further to appellee about getting off, the conductor ran at him and violently pushed him off the platform while the car was in motion, in such a manner that appellee was thrown under the feet of a horse that was standing at the curb stone and was trampled upon by the horse and severely injured. The account of the matter given by witnesses called for appellant was in many material points in direct conflict with appellee's evidence, but the verdict of the jury must be taken as settling such conflict in favor of appellee. Appellant urges that the court erred in giving the jury, at the request of the plaintiff, the following instruction:

"1. The jury are instructed that even if the jury believe from the evidence that the plaintiff did not pay his fare, or some one pay it for him while riding on defendant's car, and the conductor of said defendant's car, then in charge of the car, did not undertake to remove him in a peaceful manner, using no more force than was necessary, but pushed or threw him off the car while the car was in motion, and without any immediate warning, and he was injured thereby, then the defendants are liable for such injury and damage."

There was evidence introduced by appellant tending to show that at the time appellee was last put off, he was using vulgar and indecent language in a voice loud enough to attract the attention of the passengers upon the car, among whom were several ladies, and the complaint against the instruction is, that it ignores as a ground on which the conductor would have a right to eject him, appellee's conduct in that regard. But the instruction is not addressed to the grounds for putting appellee off, but to the manner of putting him off. The conductor could no more push him off the car while it was in motion for using indecent language than for refusing to pay fare.

Undoubtedly, if he was using profane, vulgar and indecent language, having a tendency to offend and annoy passengers, the conductor would have the right to stop the car and order him off, and on his refusal to go, might eject him, using such

force as might be necessary for that purpose. A person who will not behave with ordinary decency upon a car, and will not leave it at the command of the conductor, may be treated as a trespasser thereon, whether he has paid fare or not, and as such ejected. But the law will not justify the ejection of a trespasser by the conductor or other agent of the company, at a time and under circumstances which make it dangerous to his life or limb.

The rules and the rights of the company must be enforced by its servants and agents with prudence and caution, and trespassers removed from the cars without the exercise of undue, unreasonable and malicious force, in a lawful and proper manner and without the infliction of unnecessary injury. C., M. & St. P R. R. Co. v. West, 24 Ill. App. 44; State of Minn. v. Thomas Kinney, 34 Minn. 311.

The instruction stated the rule of law correctly and is not obnoxious to the criticism alleged against it. Some complaint is made of the modification by the court of one of appellant's instructions. The change made by the court was very slight and in no manner altered the law of the instruction as asked. There was no error in said modification.

Counsel has argued the facts at great length, but there being no error in the law and the evidence being in sharp conflict, the verdict of the jury, as we have before said, must be taken as conclusive, on the issues submitted to them. The judgment of the Superior Court must be affirmed.

*Judgment affirmed.*