Lake Shore & Michigan Southern Railway Company

v.

Philip Bodemer, Administrator, etc.

*Railroads—Negligence—Excessive Speed—Personal Injuries—Right of Way—Ordinance—Evidence—Instructions—Trespassers.*

1.   Wilful or wanton injury to a trespasser is actionable, and it cuts no figure if in such case the person injured was guilty of contributory negligence.

2.   A defendant who states the substance of a municipal ordinance in his opening and admits the breach thereof, can not complain of the reading of the same after the evidence is all in, in behalf of the plaintiff, as a part of his argument to the jury.

3.   In an action brought by an administrator to recover from a railroad company for the death of his intestate, the same being alleged to have been caused through its negligence, this court holds that the train in question was moving at a reckless rate of speed when the accident occurred, that defendant was guilty of wanton negligence in this regard, and declines to interfere with the verdict for the plaintiff.

[Opinion filed September 11, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. PLINY B. SMITH, for appellant.

The court admitted improper testimony.

The court admitted, over the objection of defendant's attorney, testimony that people frequently walked upon and across the railroad tracks at the point where the accident occurred. This was clearly error.

It is the doctrine of this State that the frequent use by the public of railroad tracks as a footpath does not impose any duty toward the people so using the tracks or change the relations of the parties in any way. I. C. R. R. v. Godfrey, 71 Ill. 500; I. C. R. R. v. Hetherington, 83 Ill. 510; Blanchard v. L. S. & M. S. Ry., 18 N. E. Rep. 799.

In Godfrey's case, the plaintiff was struck and injured on defendant's right of way, while using the tracks as a footpath. The evidence was that the tracks were frequently used by the public for that purpose. The defendant asked an instruction that " such use should not relieve the plaintiff of the legal duty of extraordinary care and caution at a place of danger, and such use by plaintiff was none the less negligence on the part of the plaintiff because it may have been frequent." This instruction was refused, but the Supreme Court reversed the judgment for plaintiff, and held that the instruction, with other instructions, should have been given. The court say: " There was nothing to exempt him from the character of a wrong-doer and trespasser in so doing, further than the supposed implied assent of the company, arising from their non-interference with a previous like practice by individuals. But because the company did not see fit to enforce its rights, and keep people off its premises, no right of way over its ground was thereby acquired. It was not bound to protect or provide safeguards for persons so using its grounds for their own convenience. The place was one of danger, and such persons went there at their own risk, and enjoyed the supposed implied license subject to its attendant perils. At the most, there was here no more than a mere passive acquiescence in this use. A

L. S. & M. S. Ry. Co. v. Bodemer.

mere naked license or permission to enter or pass over an estate, will not create a duty or impose an obligation on the part of the owner to provide against the danger of accident. * * * The second instruction given for the plaintiff (and the sixth and seventh are liable to the same objection) is erroneous, in intimating the idea that the use of defendant's road by citizens, to walk back and forth upon without hinderance or objection by defendant, constituted the same a public thoroughfare for people to walk upon."

In Hetherington's case, the decedent was injured under the same circumstances. The Supreme Court reiterated the doctrine of Godfrey's case, and furthermore said : " The fact that persons residing in the locality where the accident occurred had been in the habit of traveling upon the right of way of the defendant, and no measures had been taken to prevent it, did not change the relative rights or obligations of the deceased or the railroad company."

The principle is expressly laid down that frequent use of the tracks by the public as a footpath does not change the relative rights of the parties.

In Blanchard's case the Supreme Court expressly re-affirm the Godfrey and Hetherington cases.

It consequently follows, necessarily, that the admission of this evidence was error, and it could not but prejudice the defendant, because, the testimony being admitted, the jury would naturally believe, and have a right to believe, that it had a bearing on the case, and did change the relative rights of the parties. This action of the court was, therefore, prejudicial error.

The court furthermore admitted in evidence, over the objection of defendant, the ordinances of the city of Chicago regulating the speed of trains and the ringing of locomotive bells in said city.

These ordinances were set up in the third and fourth counts of the declaration. It was claimed, however, by defendant, that these ordinances had no application to the case of a trespasser upon the right of way; and this is held in Godfrey's case just quoted.

The court, however, withdrew these counts from the consideration of the jury, and instructed the jury that there could be no recovery under them. There was, therefore, no evidence admissible, save such as was properly admissible under the fifth count. The ordinances were not set up in this count, and municipal ordinances are not admissible in evidence, unless pleaded. I. C. R. R. Co. v. Hetherington, 83 Ill. 510; Blanchard v. L. S. & M. S. Ry. Co., 18 N. E. Rep. 799.

In Godfrey's case, it was alleged in the declaration that no bell or whistle was sounded before the engine passed the crossing, and that the engine ran at a great rate of speed, the ordinances of the city being introduced in evidence. On the argument, negligence in the management of the engine was also urged. The Supreme Court, however, said: "But the defendant, under the circumstances of this case, is clearly chargeable with no such negligence as this. It is only for wanton or wilful injury that the defendant is here chargeable, or such gross negligence as evidences wilfulness."

If in the case of a trespasser it is held that the railroad company is not liable for excessive speed, or failure to sound the bell or whistle, even though these acts are alleged in the declaration, how much less shall a railroad company be held liable for such acts, when they are not even pleaded? The admission of this evidence was therefore error on the grounds both that they were not pleaded and that they could not in any event be made the basis of a liability.

Messrs. Joseph S. Kennard, Jr., and Brandt & Hoffman, for appellee.

Garnett, P. J. Philip Bodemer, Jr., a boy about nine years of age, was killed September 8, 1889, by one of appellant's trains, on its track, between 25th and 28th streets, in the city of Chicago, and appellee brought this suit against appellant to recover damages therefor, alleging that the deceased came to his death through gross and wanton negligence of appellant. There was a verdict and judgment against appellant, which it now seeks to reverse.

Just before the fatal occurrence, the deceased and his

brother, the latter about twelve years of age, were on the east side of the tracks, between the two streets named, and a freight train was then moving south on one of the tracks. When it had passed, the boys walked upon the tracks, the elder being in front, and reaching the west side of them in safety. The deceased, however, was struck and killed by a passenger train going north on another of appellant's tracks running parallel and close to the track on which the freight train passed.

The speed of the passenger train was from twenty-five to forty miles per hour. Twenty-five miles per hour was the lowest rate of speed stated by any witness. The bell on the engine was not rung, but just before the boy was struck, the whistle gave two short, sharp blasts.

The tracks of appellant between 25th and 26th streets are in a populous part of the city, and are not guarded in any way to prevent the passage of teams and foot passengers over them.

On each side of them is a space used as an alley or roadway, and just west of the west alley are buildings used for business purposes, fronting the tracks. Passing over the tracks at that place had been a common practice with people living or doing business in that vicinity. Appellant's tracks are laid there over its own private property, but the strip of ground on which the tracks are built connects at the north end thereof with Clark street, so as to make it, apparently, a continuous street to a point south of where the boy came to his death. Appellant contends that as the collision happened on its private property, the deceased was a trespasser, and it is not liable in damages for causing his death. Whether that is a defense depends on circumstances. It has not, in all cases, been held sufficient to exonerate the party causing the injury to the trespasser. In C., M. & St. P. Ry. Co. v. Yando, 26 Ill. App. 601 (affirmed in 127 Ill. 214), the deceased was a trespasser on defendant's track when she was killed, but she was apparently unaware of her danger, and as the engine driver saw her and understood her danger a sufficient distance from her to have stopped his engine by the exercise of ordinary care, the defendant company was held to be guilty of

gross, wilful and culpable negligence, and the verdict of the jury was sustained. See also, C. & A. R. R. Co. v. Gregory, 58 Ill. 226; C., M. & St. P. Ry. Co. v. West, 125 Ill. 320; same case, 24 Ill. App. 44.

It seems to be the uniform rule that wilful or wanton injury even to a trespasser, is actionable. Nor is it material in such cases that the person injured was guilty of contributory negligence. The rule is stated in Cooley on Torts, 810. "Where the conduct of the defendant is wanton and wilful, or when it indicates that degree of indifference to the rights of others which may justly be characterized as recklessness, the doctrine of contributory negligence has no place whatever, and the defendant is responsible for the injury he inflicts, irrespective of the fault which placed the plaintiff in the way of such injury. That is the rule in this State. Litchfield Coal Co. v. Taylor, 81 Ill. 590; C. & N. W. Ry. Co. v. Donahue, 75 Ill. 107. As there was no instruction given to the jury in this case, except one informing them that there could be no recovery on the first four counts of the declaration, we must presume, in support of the judgment, that the facts alleged in the remaining count were found by the jury as unfavorably for the appellant as the evidence would warrant, and we think the evidence fully justified the belief that the train which caused the death, was moving at a reckless rate of speed, through a populous part of the city, the tracks being unguarded, and with surroundings of the character already described. Was the jury authorized from these facts in finding defendant guilty of wanton negligence? We think they were. As the court said in Gregory's case, *supra*, "The train was running with great speed, which it did not slacken as it passed through the town. We consider this, of itself, great negligence." In Yando's case, 26 Ill. App. 601, it was considered a material fact that the engine driver saw the deceased a sufficient distance from her to have stopped his engine by the exercise of ordinary care. The result must have been the same if he had recklessly turned his back, or placed something over the window in the engine cab, so he could not see. If the injury is caused, in a place like that

described in the case at bar, by putting the train in such rapid motion that it can not be checked in time to avoid a collision, which might have been averted if the speed had been only reasonable, the negligence is as culpable as though the engine driver saw the danger and could have prevented the injury, but failed to do so.   In the one case, before the danger actually presents itself, he wilfully puts it out of his power to prevent the injury; in the other, he sees the danger and has the power to prevent the injury, but refuses to do so.   If there is any degree of difference in culpability in the two cases, we think the law does not recognize it.

On the trial there was offered in evidence by appellee two sections of the city ordinances, one limiting the speed of passenger trains within the city to ten miles an hour, and the other requiring the bell on the locomotive to be rung continually while running within the city.   The record does not show that either section was read to the jury as evidence, and counsel for appellant admits that they were not read until after the evidence was all in, and counsel for appellee was addressing the jury.   Then the section limiting the speed was read as a part of the address, and was objected to by appellant; the objection was overruled and appellant excepted.   The only injury, if any, to appellant from this source, must arise from the reading of the one section in the hearing of the jury, and that must be regarded as harmless, because, in his opening address to the jury, before any evidence was given, that section of the ordinance was stated in substance by appellant's counsel, and he then admitted that the train which caused the death of the boy was at the time running more than ten miles an hour.   The opening address of appellant's counsel must still have been fresh in the minds of the jury and the effect thereof would have been as unfavorable to appellant as though the section had never been read.

The instructions requested by appellant and refused by the trial court are too numerous for separate discussion.   Many of them were in conflict with the rule above quoted from Cooley on Torts, others were misleading, and we think no material error was committed in refusing any of them.

The general verdict of the jury, as we have seen, was based upon the fact of wanton negligence, and with that fact the answers to the special interrogatories are entirely consistent. The judgment is affirmed.

*Judgment affirmed.*

GARY, J., took no part in this decision.