## DAVENPORT v. SOUTHERN RY. CO. et al.

### (Circuit Court, D. South Carolina.   August 20, 1903.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—JOINT ACTION FOR TORT.

> An action against a railroad company and certain of its servants to recover for the death of a person, alleged to have been caused by the reckless, wanton, willful, and malicious acts of such servants while engaged in the duties of their employment, where the complaint alleges no facts to charge the company with participation in such acts of its servants, involves a separable controversy; the causes of action and the measure of damages recoverable against the company and its codefendants being different, and the cause is removable by the company, where the requisite diversity of citizenship exists.

On Motion to Remand to State Court.

Haynsworth, Parker & Patterson, for plaintiff.

T. P. Cothian, for defendants.

SIMONTON, Circuit Judge.   This case comes up on a motion to remand.   The action was originally brought in the court of common pleas for Greenville county, S. C., against the Southern Railway Company, a body corporate of the state of Virginia, and Richard Joel and William Jones, citizens of South Carolina.   The cause of action was for personal injuries to the plaintiff's intestate, resulting in her death.   She was killed in collision with a hand car of the defendant company, operated by the other defendants.   The accident, as detailed in the complaint, occurred in this way:   Many years ago a spur or side track was constructed from the main line of the Southern Railway at Piedmont, at a point near the mills of the Piedmont Manufacturing Company.   The side track was constructed over lands of the manufacturing company, and is used by the Southern Railway Company as licensee.   It is used only occasionally, hauling freight to and from the mills.   On this track is a trestle, over which is a plank walkway, the width of the track, which is habitually used, and has been used for very many years, by the people of the town of Piedmont.   On the day of the accident, plaintiff's intestate was on this walkway, proceeding toward the mill.   She had nearly crossed it, when from behind a bend in a deep cut, a short distance away from her, a hand car, heavily loaded with cross-ties, appeared, coming at great speed down an incline at that point.   She used every effort to escape, but could not do so.   She was struck by the hand car, was precipitated over the trestle, and lost her life.   This hand car was operated by, and was under the care and control of, the defendants Joel and Jones, servants of the Southern Railway Company.   It had been carried by them up the side track, and had been heavily loaded with cross-ties.   On its return they pushed the car to a point where it struck the down grade leading to the trestle, and at this point they negligently and recklessly turned the car loose without getting on it, and without taking any precautions whatever to control it, and

¶ 1. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

without making any effort to see if any one was on the walkway on the track. The car went forward with great speed and violence, striking the plaintiff's intestate, and causing her death. The complaint charges that this conduct of these defendants was reckless, willful, and malicious, and in total disregard of the safety of the public; that the defendants, in handling the car as aforesaid, and in allowing it to escape and kill plaintiff's intestate, were negligent; that the death of plaintiff's intestate occurred through the joint and concurrent carelessness, negligence, recklessness, wantonness, and willfulness of the defendants, as aforesaid.

The ground upon which the Southern Railway Company sought the removal of the cause is that there is in the pleading a separable controversy with it.

It will be observed that the only charge against the Southern Railway Company is because of the acts of these agents of it, and of them alone, committed in the absence of any official, or of any other agent of that company; that the acts of these agents are characterized as reckless, willful, and malicious. Indeed, the whole charge of the complaint seems to be for the acts of these two men, Joel and Jones. After stating that these two men had control of the car, the complaint in the ninth paragraph says: "That the conduct of the defendants [these two men] in turning loose the said hand car, and in allowing it to run loose, * * * was reckless, willful, and malicious." In the tenth paragraph it says: "That the defendant, in handling the car, as aforesaid [that is, these two men], and in allowing it to kill plaintiff's intestate, were negligent." And in the eleventh paragraph it says: "That the death of plaintiff's intestate occurred through the joint and concurrent carelessness, negligence, recklessness, wantonness, and willfulness of the defendants, as aforesaid." These two men, whose conduct is thus characterized, and whose acts are thus complained of, are made parties defendant, and judgment is sought against them.

There are clearly in this complaint two controversies,—one against the Southern Railway Company because of the negligence of its servants; the other against these servants themselves because of their own recklessness, willfulness, and malice. The controversy with the Southern Railway Company is because of the acts of its agents, for which the policy of the law makes it responsible; that with these individuals is upon their own personal responsibility, for their own reckless, wanton, and malicious act. The Southern Railway Company is responsible to third persons for the negligence of its agents, but for negligence merely these agents are not responsible to third persons. Ewell's Evans on Agency, 438. Negligence is negative in its character. It is the omission to perform some duty. Milwaukee, &c., Rd. v. Arms, 91 U. S. 489, 23 L. Ed. 374. It implies nonfeasance, and is contradistinguished from misfeasance. To make the agent responsible to third persons, there must be some positive act of wrong on his part. The whole doctrine is clearly stated in Story on Agency (9th Ed.) §§ 308–309:

"We come, in the next place, to the consideration of the liabilities of agents to third persons in regard to torts or wrongs done by them in the course of

their agency. * * * And here the distinction ordinarily taken is between acts of misfeasance, or positive wrongs, and nonfeasance, or mere omissions of duty by private agents. The master is always liable to third persons for the misfeasances and negligences and omissions of duty of his servant in all cases within the scope of his employment. So the principal, in like manner, is liable to third persons for the like misfeasances, negligences, and omissions of duty of his agent, leaving him to his remedy over against the agent in all cases when the tort is of such a nature as that he is entitled to compensation. The agent is also liable to third persons for his own misfeasances and positive wrongs. But he is not liable to third persons for his own nonfeasances or omissions of duty in the course of his employment. His liability in these latter cases is solely to his principal."

In an action against a principal for the acts of his agent, he is liable not only for acts of negligence, but also for willful and malicious acts done in the course of his employment. Andrews American Law, 860, quoting Chicago, &c., v. West, 125 Ill. 320, 17 N. E. 788, 8 Am. St. Rep. 380, and other authorities. In such an action the principal is liable only for compensatory damages. Vicksburg & M. R. R. v. Putnam, 118 U. S. 545, 7 Sup. Ct. 1, 30 L. Ed. 257. But it is not responsible in punitive or vindictive damages or smart money, unless the principal participated in the wrongful act of its agents, expressly or impliedly, by its conduct, authorizing or approving of it either before or after it was committed. Lake Shore, &c., v. Prentice, 147 U. S. 101, 13 Sup. Ct. 261, 37 L. Ed. 97. "A corporation, like a natural person, may be held liable in exemplary or punitive damages for the acts of an agent within the scope of his employment, provided the criminal intent necessary to warrant the imposition of such damages is brought home to the corporation. So a railroad corporation cannot be charged with punitive or exemplary damages for the illegal, wanton, or oppressive conduct of a conductor of one of its trains to a passenger." Id. There is nothing in this complaint which measures up to these requirements as against the Southern Railway. Indeed, in the acts complained of, and in its mode of stating them, the averments of the complaint wholly negative the idea that the corporation could have participated. Before the corporation can be held to the same responsibility as Joel and Jones, the two other defendants, it must be averred and proved that their wanton, willful, and malicious acts were done by its authority. But the plaintiff, not content with his claim against the Southern Railway Company, and his right to obtain compensation, seeks also damages at the hands of Joel and Jones for wanton, willful, and malicious conduct. His remedy as against them is different, far more extensive, and requiring a different judgment. There is thus a controversy with the Southern Railway Company separable from that with the other defendants, and the cause is removable.

The motion to remand is refused.