## AMERICAN BRIDGE CO. v. HUNT.

### (Circuit Court of Appeals, Sixth Circuit. May 21, 1904.)

### No. 1,274.

1. REMOVAL OF CAUSES—FEDERAL COURTS—JURISDICTION—DETERMINATION.

In a suit removed from the state to the federal courts it is the duty of the latter at any stage of the litigation to dismiss or remand the suit on a defect of federal jurisdiction being made to appear, whether the question is raised by the parties or not.

2. SAME—DIVERSITY OF CITIZENSHIP—JOINT DEFENDANTS—SEPARABLE CONTROVERSY.

Where an action for wrongful death is brought in a state court against a foreign corporation and certain of its officers and servants whose citizenship was the same as the plaintiff's, the right of the corporation to remove the suit to the federal courts depended on whether the record at the time of the removal disclosed a separable controversy.

3. JOINT DEFENDANTS—CONCURRING ACTS OF NEGLIGENCE—DEFENSES.

Where plaintiff, in an action for death, pleaded a cause of action against several defendants, some of whom were of the same citizenship as plaintiff, the test of plaintiff's right to join such defendants, and thereby preclude a removal of the cause to the federal courts by defendants whose citizenship was diverse, depended on whether there was a legal concert or identity of the defendants in the same tortious act, or in the concurring acts of negligence contributing to the same injury, and not whether such defendants might present separate and different defenses to the action.

4. SAME—JOINT ACTS OF NEGLIGENCE—PLEADING.

Where, in an action for wrongful death of plaintiff's intestate, the complaint joined the co-employé by whose alleged negligence plaintiff's intestate was killed, whose citizenship was the same as that of plaintiff, with decedent's employer, which was a foreign corporation, and alleged that such corporation was negligent in supplying an electric crane which was not equipped with good and sufficient brakes or other appliances by which it might be controlled, in consequence of which an iron beam being carried by the crane came in contact with other beams on the shop floor, causing them to fall on deceased, and that the corporation was also negligent in causing the crane to be operated by a young, inexperienced, and unskillful boy, who was alleged to have operated the crane so negligently as to permit the beam being carried to swing against the other beams and cause them to fall, etc., the complaint alleged a joint, and not a separable, controversy against such defendants.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

The intestate of the plaintiff below was accidentally killed while engaged in the discharge of his duties as a servant of the American Bridge Company, and this suit is brought under the statute of Ohio to recover damages for a wrongful killing. The suit was instituted in a common pleas court of the state of Ohio. The defendants named in the writ were the American Bridge Company, a corporation of the state of New Jersey, carrying on a manufacturing business within the state of Ohio, Robert H. Finch, Phillip Haas, and Calvin Guthrie, citizens of the state of Ohio. The petition, in substance, charged that the defendant corporation had large shops at Toledo, Ohio, for the construction of iron bridges and other like structures. Among the appli-

¶ 2. Diverse citizenship ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

¶ 3. See Removal of Causes, vol. 42, Cent. Dig. § 107.

ances used in said shop was an electric crane, used in lifting, moving, and handling heavy iron beams and other castings. It is averred that the crane was so worn and out of repair as to be hard to control, and that it was also negligently handled, and so managed as to cause certain iron beams standing upon the floor of the shop to be thrown down, and that they so fell as to crush, maim, and kill the deceased, whose duty required him to be upon the said floor and among the said beams and castings so caused to fall by the negligent operation of said crane. The plaintiff in error, the corporation, filed in due time a petition for the removal of the suit to the Circuit Court of the United States, alleging, among other things, that the suit was of a civil nature, and that the matter in dispute exceeded the sum of $2,000, exclusive of interest and costs. The ground upon which the removal was sought, as stated, was in these words: "Your petitioner further shows that there is in said action a controversy wholly between citizens of different states, and which controversy is a separable controversy, and can be fully determined between them; that Joseph A. Hunt, administrator of the estate of Henry E. Baker, deceased, was at the time of the commencement of this action, and still is, a citizen of the state of Ohio, residing in said state, and that the said Henry E. Baker, deceased, was during his lifetime and at the time of his death a citizen and resident of the state of Ohio, residing at Toledo, in said state; that your petitioner, American Bridge Company, was at the time the alleged cause of action arose in said action, and at the time of the commencement of this action, and, still is, a corporation duly organized and existing under and by virtue of the laws of the state of New Jersey, and a resident and citizen of that state. Your petitioner further shows that the defendants Robt. H. Finch, Phillip Haas, and Calvin Guthrie were at the time of the commencement of the said action, and still are, citizens of the state of Ohio, residing at Toledo, in said state; that the cause of action as shown by the petition is not a joint cause of action against said defendants and your petitioner." Bond and security having been duly given as required by the statute, a certified copy of the record was filed in the court below. A motion to remand to the state court was made and denied. The pleadings were thereupon completed, and upon a trial there was a jury and verdict for the plaintiff against the defendant corporation only, and judgment thereon. The corporation has sued out this writ of error.

Doyle & Lewis and J. W. Schaufelberger, for plaintiff in error.
Charles A. Thatcher, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

There is a preliminary question which must be decided before considering the errors assigned, and that is whether the Circuit Court rightfully obtained jurisdiction by the proceedings under which the cause was removed from the state court. The decision of this question cannot be escaped, for it is the duty of the court at any stage of the litigation to dismiss or remand any suit in which a defect of federal jurisdiction shall appear, without regard to whether the question is made by the parties or not. Great Southern Fire Proof Hotel Co. v. Jones, 177 U. S. 449, 453, 20 Sup. Ct. 690, 44 L. Ed. 842; Defiance Water Co. v. Defiance, 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140. The right of the corporation to remove the suit depends upon whether the record, at the time of the removal, disclosed a separate controversy. The plaintiff had elected to join the corporation with three individual defendants, and to sue the defendants thus joined as joint tort feasors, and, if he has stated on the face of his pleading a cause of action which is joint, he had a right to maintain his suit against

all who are liable to him, even though he might have brought separate suits for the same tort against each of those he has chosen to join. Nor does the fact that each defendant so sued might present separate and different defenses defeat the right to sue them in one action. The test of the entirety of the action, and the consequent right to join several defendants in one suit, is found in the legal concert or identity of the defendants in the same tortious act or in concurring acts of negligence contributing to same injury. These principles, so far as they are applicable to the ascertainment of a separable controversy for purposes of removal under the statute, seem to be too well settled to admit of further debate. Pirie v. Tvedt, 115 U. S. 41, 43, 5 Sup. Ct. 1161, 29 L. Ed. 331; L. & N. R. Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473; C. & O. Ry. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121; Arrowsmith v. Nashville & D. R. Co. (C. C.) 57 Fed. 165, 169. Whether there is such legal identity of master and servant, or concert between them, as to justify a joint action when the act of negligence charged is that of the servant alone, and the liability of the master is bottomed not upon any immediate fault of the master, but upon the liability of the latter for the negligent acts of the servant, may admit of much discussion. Warax v. C. N. O. & T. P. Ry. Co. (C. C.) 72 Fed. 637; Bryce v. Southern Ry. Co. (C. C.) 122 Fed. 709; Davenport v. Southern Ry. Co. (C. C.) 124 Fed. 983; Helms v. N. P. Ry. Co. (C. C.) 120 Fed. 389; Mulchey v. Society, 125 Mass. 487; Campbell v. Sugar Co., 62 Me. 553, 16 Am. Rep. 503; Lamm et al. v. Parrott Silver & Copper Co. (C. C.) 111 Fed. 241. It must be confessed, however, that the doctrine of the common law in reference to the joinder of master and servant in one suit based alone upon the tort of the servant, as in the Warax Case and other cases cited above, is shaken by contrary intimations found in Powers v. Chesapeake, etc., Ry. Co., 169 U. S. 92, 97, 18 Sup. Ct. 264, 42 L. Ed. 673, and Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131, 137, 21 Sup. Ct. 67, 45 L. Ed. 121. This question, though a nice one, and not foreclosed by authoritative decision, does not necessarily arise upon this transcript as we construe the averments of the plaintiff's petition. Thus three of the officers or servants of the corporation are joined with the corporation as defendants. The citizenship of each of these three individual defendants is identical with the citizenship of the plaintiff. If, therefore, a joint cause of action is stated against the corporation and any one of the individual defendants, a separable and removable controversy is not shown.

As to the defendants Finch and Haas, it is averred that they "were officers and agents of the defendant company in charge of and were assisting in and conducting the business of the defendant company, and had charge over the decedent, Henry E. Baker, and all other employés in and about the work of the defendant company." No other reference is made to these two defendants except as they are included along with the corporation in averments charging the "defendants"—meaning to include the corporation and Finch and Haas, but not Guthrie—with negligence in furnishing a defective crane and an incompetent man for the operation of the crane. The liability of

Finch and Haas depends, therefore, upon whether the officers and agents of a corporation, through whom it conducts its business operations, are liable for the negligence of the corporation in respect of those personal duties which the master owes to his servants. No personal act of either nonfeasance or misfeasance is averred. If liable at all, their liability must arise from their official relation to the company, and grow out of the failure of the company to discharge some duty which it owed to the plaintiff. Whether such an officer would be liable for a mere act of nonfeasance to one occupying the relation of the plaintiff to the company is at least a question of great doubt. Story on Agency (9th Ed.) §§ 308, 309; Hukill v. Maysville, etc., R. Co. (C. C.) 72 Fed. 745, 753; Ewell's Agency, 438; Davenport v. Southern Ry. Co. (C. C.) 124 Fed. 984; Osborne v. Morgan, 130 Mass. 102, 39 Am. Rep. 437. But it is unnecessary to determine whether any cause of action is stated against Finch and Haas, or either of them, or, if so, whether the action against them may be joined with one against the corporation, because we have reached the conclusion that concurrent acts of negligence are averred against the bridge company and the other individual defendant, Calvin Guthrie. Thus the corporation is averred to have been negligent in supplying an electric crane "which was not equipped with good and sufficient brakes or other appliances" by which it might be controlled, and that, as a consequence, an iron beam being carried by the said crane came into contact with other beams standing upon the shop floor, causing one of them to fall upon the decedent. It is also averred that the corporation was negligent in that they had "caused said crane to be operated by a young, inexperienced, and unskillful boy, who was not of such skill and experience as to be able to handle such crane," etc. There are certain other vague averments in respect to the insecure manner in which certain beams were suffered to stand upright upon the floor, and liable to be toppled over if touched by objects being carried or swung by the crane, and also in respect to an absence of a rule requiring notice of the swinging of the crane. It is enough that the corporation is charged with negligence in retaining a defective crane and with intrusting its management to an unskilled and inexperienced servant. In respect of the defendant Calvin Guthrie, who was the "unskilled and inexperienced boy" in charge of the operation of said defective crane, it is averred that he (Guthrie) "was negligent in operating the same in that he permitted said floor beam [referring to an iron casting being carried or moved by the crane] to swing against said other beams, and allowed it to be set upon said floor with such force and violence as to fall against other beams." Thus we have the negligence of the company in respect to its duty in furnishing a reasonably safe appliance and competent fellow servants concurring with the negligence of the defendant Calvin Guthrie in the management of a defective crane to bring about the injury to the decedent.

But it is insisted that it is a misconstruction of the petition to read it as charging any negligence whatever against the defendant Guthrie. It must be conceded that if, upon a fair and reasonable construction of the averments of the petition, no facts are averred which, as

130 F.—20

matter of law, if proven, would constitute actionable negligence against Guthrie, his joinder as a defendant with the corporation will not prevent a removal. Concurring negligence of master and servant is essential to the right of joint action, and it is clear that, if no negligence of any character is averred against the servant, concurrent negligence is not charged. This contention is based upon a clause in the paragraph of the petition charging negligence against the corporation and the other individual defendants, Finch and Haas, in respect of the defective character of the crane. It is said, in characterizing this crane, that the brakes were so insufficient "that the person who was operating the same was unable to control or stop" its movement, etc., and that the defendants had caused said crane "to be operated with its electrical attachments in such condition that the same could not be controlled." In a subsequent paragraph, dealing with the suit as one against the defendant Guthrie, it is charged that he was negligent in operating this very crane, and permitted it to swing a beam being carried against beams standing upon the floor, knocking them over, so that they fell upon the decedent. The most that can be said is that, if it is true, as charged, that the defendant Guthrie negligently mismanaged the movements of the crane so as to permit it to swing against other objects, and so topple them over, that the crane, even though defective in its brakes or electrical attachments, was not so defective and insufficient as to have been incapable of all control by the operator, as charged by the prior paragraph. Guthrie's negligence must have co-operated with the negligence of the corporation. Evidence that the crane was insufficient and defective, and that the defects had contributed proximately to the injury complained of, would clearly have established a case against the corporation, although it did not appear that the defects were so grave as to render the movements of the machine absolutely uncontrollable by a skillful and competent operator. Evidence of affirmative mismanagement of a defective machine by an incompetent operator would make out a prima facie case against the operator if his mismanagement proximately contributed to the injury of the decedent. But it is not averred that the defects were such as that the machine was uncontrollable by a competent and skillful servant, but only that it was uncontrollable by the operator. The operator was Guthrie, and it is averred that he was "not of such skill and experience as to be able to handle such crane," etc. The conclusion we reach is that a separable controversy did not appear upon the pleadings as they stood at the time of removal.

The judgment will be reversed, and the court below directed to remand the suit to the state court. The plaintiff in error will pay all the costs incurred since the wrongful removal.