ELLEN WILTON *vs.* MIDDLESEX RAILROAD COMPANY.

If a person riding with due care on the platform of the horse-car of a street railroad corporation, not as a passenger for hire, but by invitation of the driver, and without collusion with him to defraud the corporation, is injured through his negligence in driving the car, the corporation is liable.

TORT against a street railroad corporation for personal injuries alleged to have been received by the plaintiff through the negligence of the driver of one of the defendants' horse-cars.

At the trial in this court, the plaintiff offered to prove " that on July 16, 1868, at which time she was nine years of age, she went out about seven o'clock in the evening to walk ; that she was in company with four or five other girls, on the Charlestown bridge, and near the draw, and one of the defendants' cars came along very slowly; that there were no passengers on the platform, and the driver beckoned to the girls to get on, and they accordingly got on the platform, while the car was going slowly ; that the driver then struck his horses, and they started on a fast trot; that the plaintiff had one foot on the step, and by reason of the sudden start lost her balance ; that she called to the driver to stop, but the car kept on, and she fell so that one of the wheels passed over her arm, and she was obliged to have it amputated ; and that she used due care and the driver was careless." It was admitted that the plaintiff was not a passenger for hire, and that the driver had no authority to take the girls upon the car and carry them, unless such authority was to be implied by the fact of his employment by the defendants as a driver. Upon the plaintiff's offer of proof, the case was reserved by the chief justice for the consideration of the full court; if the plaintiff was entitled to recover thereon, the case to stand for trial ; otherwise, judgment to be given for the defendants.

*E. H. Derby*, for the plaintiff.

*L. M. Child*, for the defendants.

MORTON, J. The plaintiff was injured while riding upon one of the defendants' cars. At the trial, she offered to prove that she was in the exercise of due care, and that the driver of the car was careless. For the purposes of this hearing, therefore, we are to assume that she was injured by the negligence of a servant of the defendants, in the course of his employment; and that her own want of care did not contribute to the injury. It follows, that she can maintain this action ; unless we sustain the position taken by the defendants, that she was unlawfully upon the car, and therefore not entitled to recover.

The facts which the plaintiff offered to prove, bearing upon this question, are as follows : The plaintiff, a girl of nine years of age, was walking with several other girls upon the Charlestown

bridge about seven o'clock in an evening in July. One of the defendants' cars came along very slowly, and the driver beckoned to the girls to get on. They thereupon got upon the front platform. It was admitted that the plaintiff was not a passenger for hire, and that the driver had no authority to take the girls upon the car and carry them, unless such authority is to be implied by the fact of his employment as driver.

Upon these facts, it is clear that it would be competent for the jury to find that the beckoning by the driver was intended and understood as an invitation to the plaintiff. to get upon the car and ride. In accepting this invitation and getting upon the car, we think she was not a trespasser, there being no evidence of collusion between her and the driver to defraud the corporation.

A master is bound by the acts of his servant in the course of his employment. They are deemed to be the acts of the master. *Ramsden* v. *Boston & Albany Railroad Co*. 104 Mass. 117, and cases cited. The driver of a horse-car is an agent of the corporation, having charge, in part, of the car. If, in violation of his instructions, he permits persons to ride without pay, he is guilty of a breach of his duty as a servant. Such act is not one outside of his duties, but is an act within the general scope of his agency, for which he is responsible to his master. In the case at bar, the invitation to the plaintiff to ride was an act within the general scope of the driver's employment, and if she accepted it innocently she was not a trespasser. It is immaterial that the driver was acting contrary to his instructions.

It follows, that the plaintiff, being lawfully upon the car, though she was a passenger without hire, is entitled to recover, if she proves that she was using due care at the time of the injury and that she was injured by the negligence of the driver. *Philadelphia & Reading Railroad Co*. v. *Derby*, 14 How. 468, 483.

In the present aspect of the case, we are not called upon to consider to what extent the defendants might be held liable if it were shown that the plaintiff was unlawfully riding upon the car.

*Case to stand for trial.*