IRVING SOLOMON, BY HIS NEXT FRIEND, FRANK SOLOMON, AND FRANK SOLOMON, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT-RESPONDENT.

Submitted July 6, 1914—Decided January 27, 1915.

1. It is the settled law of this state that a defendant is not precluded from having other grounds urged by it for a nonsuit considered for the purpose of sustaining it, if the conclusion should be reached that the judgment of nonsuit cannot be supported upon the theory adopted by the trial judge.

2. That it is not negligence *per se* for a person to board a trolley car while it is in motion, is not open to debate in this state. Whether such person is chargeable with negligence must depend upon the attending circumstances and accordingly may be either a court or jury question.

3. The degree of care required of a child, who has reached the age of discretion, and is considered *sui juris*, will, as a matter of law, be no higher than such as is usually exercised by persons of similar age, judgment and experience, and whether that degree of caution has been exercised by a child in a given case, is usually, if not always, a question of fact for the jury.

4. Where there was testimony that defendant's servant, a motorman, invited plaintiff to board his car and while he was doing so and before he reached a place of safety, the motorman accelerated the speed of the car or started it up in such a manner as to jerk plaintiff from the car—*Held*, to be sufficient evidence for the jury to find that defendant was negligent.

5. Where defendant's servant, a motorman, invited plaintiff, a child, to ride free on his car, it is not a valid defence that such conduct was not within the motorman's scope of employment or contrary to his instructions. While it may be reasonable to say, as a rule of law, that a grown person has no right to enter a car except as a passenger, and if he does so as a friend of the conductor, that such a situation creates no relationship between

such person and the car company; it would be unreasonable to apply the same rule to a child under similar circumstances. It is the legal duty of every one dealing with a child to protect it against its own indiscretion.

On error to the Hudson County Circuit Court.

For the appellants, *Collins & Corbin* (*George S. Hobart* and *Robert J. Bain,* of counsel).

For the respondent, *Edwards & Smith.*

The opinion of the court was delivered by

KALISCH, J.  The appellants, plaintiffs below, appeal from a judgment of nonsuit in favor of the respondent, defendant below, in the Hudson County Circuit Court.

An action was brought by Irving Solomon, an infant, nine years of age, by his next friend Frank Solomon, to recover for personal injuries sustained by Irving through being run over by one of the passenger cars of the defendant, operated by it on a public street in Jersey City, and by Frank Solomon to recover damages for the loss of service and expense sustained by him as the father of Irving.

Irving Solomon, while at play in Pavonia avenue, was called by the motorman of one of the defendant's trolley cars, which was coming westerly along Pavonia avenue, to turn a switch which was a means to let cars coming along Pavonia avenue into Henderson street.  The motorman handed a switch iron to Irving for that purpose and after the boy had turned the switch, the motorman invited him on the car to ride.  Irving accepted and rode as far as Bay street, about nine or ten blocks, where the motorman let him off and told him to wait on the other side of the street until the car made the return trip.

When the car, on its return trip, reached Bay street, the motorman jerked his head which the boy interpreted as a motion inviting him to get on the car, which he did.  The motorman was facing him at the time and saw him get on. He boarded the front steps of the car on the easterly side of

Henderson street and on the southerly side of Bay street, the front vestibule door being open. The boy got on the step with both feet, holding on to the hand rail of the car with his right hand, and as he was trying to turn around to sit down on the platform the car gave a jerk and threw him off. He was asked: "What do you mean by jerk?" "*A.* Going fast and then stopped." "*Q.* What's that?" "*A.* Starting off fast and stopped."

This was substantially the state of the evidence when the case closed.

Counsel of defendant moved for a nonsuit on several grounds, viz., that there was no evidence of defendant's negligence; that the boy was a trespasser or at most a licensee; that the defendant owed no duty to the boy in that he was not a passenger; that the act of the motorman in inviting him to ride was not within the scope of his employment, and that the boy was guilty of contributory negligence.

The trial judge granted the nonsuit upon the distinct ground that the plaintiff, Irving, was guilty of contributory negligence.

This, however, does not under the settled law of this state preclude the respondent from having the other grounds urged by it for a nonsuit considered for the purpose of sustaining it, if the conclusion should be reached that the judgment of nonsuit cannot be supported upon the theory adopted by the trial judge. *Gillespie* v. *J. W. Ferguson Co.,* 78 *N. J. L.* 470; *Sadler* v. *Young, Id.* 594, 597; *Meisel* v. *Merchants National Bank,* 85 *Id.* 253; *Herrera* v. *Manhattan Electric Supply Co., Id.* 248.

An examination of the evidence relating to the care used by the plaintiff, Irving, in boarding the car makes it manifest that the ground upon which the trial judge based the judgment of nonsuit is untenable.

Irving testified that at the time he was invited upon the car by the motorman, it was going just a little, "it was like standing still." At any rate it was going so slowly that Irving grasped the handle bar with his right hand and placed both feet on the step of the car. It further appears that it

was not Irving's act in getting on the car that was the proximate cause of his being thrown therefrom, but on the contrary that his mishap was the direct result of an independent act of the motorman, who accelerated the speed of the car before Irving had safely seated himself. In this state of the proof there was no fact upon which to predicate negligence on the part of Irving, as a matter of law. That it is not negligence *per se* for a person to board a trolley car while it is in motion, is not open to debate in this state. *Schmidt* v. *N. J. Street Railway Co.*, 66 *N. J. L.* 424; *Murphy* v. *N. J. Street Railway Co.*, 71 *Id.* 5.

Whether a person in attempting to board a moving trolley car is chargeable with negligence must depend upon the attending circumstances and accordingly may be either a court or a jury question.

The general legal rule governing is succinctly stated in *Murphy* v. *N. J. Street Railway Co., supra,* by Chief Justice Gummere (on *p.* 6), as follows: "Moreover, although it cannot be said, as a matter of law, that a person who attempts to board a trolley car while it is in motion is negligent, yet when the fact that the car is in motion is the sole producing cause of the injury, the risk of its occurrence is one which the person making the attempt must be held to have assumed."

This rule when applied to infants of immature years is qualified by another rule peculiar to that class of persons, which is, that the degree of care required of a child, who has reached the age of discretion, and is considered *sui juris,* as a matter of law, will be no higher than such as is usually exercised by persons of similar age, judgment and experience. And whether that degree of care and caution has been exercised by the child in a given case, is usually if not always a question of fact for the jury. *Traction Co.* v. *Scott,* 58 *N. J. L.* 682, 689; *David, Administrator,* v. *West Jersey and Seashore Railroad Co.,* 84 *Id.* 685.

It is next urged that the nonsuit was properly granted because there was no evidence of negligence on the part of the motorman.

In view of the testimony tending to establish that the motorman invited the plaintiff, Irving, to board the car and while he was so doing and before he reached a place of safety, the motorman accelerated the speed of the car or started it up in such a manner as to jerk Irving from the car, a jury might reasonably have found that the defendant was negligent. *Consolidated Traction Co.* v. *Thalhemier,* 59 *N. J. L.* 474.

Lastly, it is urged by counsel of respondent, in support of the judgment of nonsuit that the act of the motorman, in inviting the plaintiff, Irving, on the car to ride was not within the scope of his employment and that the defendant owed no duty to Irving, and further because he was not a passenger but a trespasser or at most a licensee.

Whatever may be the rule in this regard as applicable to adults, we must not lose sight of the fact that we are dealing here with the duty owing to children of immature years, of whom, in the light of reason, the same measure of the exercise of discretion is not required.

An argument similar in import as made here was advanced in *Danbeck* v. *N. J. Traction Co.,* 57 *N. J. L.* 463, where it appeared that the plaintiff, a lad of ten years, was invited by the conductor of a car to come on the front platform to receive some money to buy him, the conductor, a package of cigarettes, and while the conductor had his hand in his pocket to get the change, the car gave a lurch, whereupon the driver of the car struck the horses to pull them back on the track, which started the horses off at great speed, with the result that the conductor was thrown against the boy with sufficient force to knock him off the car. Chief Justice Beasley, in disposing of the question raised by counsel of the company (on *p.* 465), said: "The question is not as to the duty of the defendant towards persons of mature years, but what is that duty with respect to children? It might be quite reasonable to declare, as a rule of law, that a grown person has no right to enter a car except as a passenger, and if he does so as the friend of the conductor, that such a situation creates no relationship between such person and the

car company, and that the latter is under no obligation to see to his safety, while it may be unreasonable in the extreme to apply the same rule to a child under similar circumstances. Very few of the rules that regulate the conduct of a man with his fellow could be applied with the least show of reason to his intercourse with children. It is the legal duty of every one dealing with a child to protect it against its own indiscretion."

On page 467 the learned jurist cites with approval, *Muehlhausen* v. *St. Louis Railway Co.*, 91 *Mo.* 332; 2 *S. W. Rep.* 315, where it was held that a child who was permitted to ride without the payment of fare had the rights of a passenger to the extent at least, that he was entitled at least to the diligence due to a person of his age and discretion; and also, *Wilton* v. *Middlesex Railroad Co.*, 107 *Mass.* 108, a case in which it appeared that the plaintiff, a girl nine years of age, was walking with several other girls upon the Charlestown bridge, when defendant company's car came along very slowly and the driver beckoned the girls to get on. They got on the front platform. While the plaintiff was getting on and had one foot on the step, the driver struck his horses, the sudden acceleration of the speed of the car caused the plaintiff to lose her balance so that she fell and was seriously injured. It was conceded that the plaintiff was not a passenger for hire and that the driver had no authority to take the girls upon the car and carry them, unless such authority is to be implied by the fact of his employment as driver. In dealing with the situation presented, Mr. Justice Morton (on *p.* 110), said: "The driver of a horse car is an agent of the corporation, having charge in part of the car. If in violation of his instructions, he permits persons to ride without pay he is guilty of a breach of his duty as a servant. Such act is not one outside of his duties, but is an act within the general scope of his agency for which he is responsible to his master. In the case at bar, the invitation to the plaintiff to ride was an act within the general scope of the driver's employment, and if she accepted it innocently she was not a trespasser. It is immaterial that the driver was

acting contrary to his instructions." And in this court, Mr. Justice Pitney, in *Friedman* v. *Snare Triest Co.,* 71 *N. J. L.* 605, in distinguishing that case from *Danbeck* v. *N. J. Traction Co., supra,* commenting upon the latter (on *p.* 617), says: "But that was the case of a child injured while riding as a gratuitous passenger upon a railway car, having entered it upon the invitation of the conductor, and furnishes no support for the present action."  .

Applying the principle enunciated in *Danbeck* v. *N. J. Traction Co., supra,* to the case at bar, it becomes manifest that the judgment of nonsuit was improper.

Judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Bogert, Vredenburgh, Terhune, Heppenheimer, Williams, JJ. 15.