fusal of a court to dismiss a proceeding for want of jurisdiction cannot question such ruling on appeal.

3. GIFTS, § 29*—*when evidence sufficient to show gift.* Where a son of an aged parent solicited and obtained a portion of the money received by the parent from the sale of a home, *held* that the evidence did not show that it was a gift.

4. EXECUTORS AND ADMINISTRATORS, § 355*—*when receipt from heir not fraudulently obtained.* A receipt obtained by an administrator from an heir for money received by the latter from his father shortly before his death, *held* not obtained by fraud, and to be based on a sufficient consideration.

---

## D. D. Haynie, Administrator, Appellee, v. Illinois Central Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of fact. Opinion filed May 1, 1915.

### Statement of the Case.

Action by D. D. Haynie, administrator of the estate of Arthur Greenlee, deceased, against the Illinois Central Railroad Company for the benefit of the next of kin of the deceased for the wrongful killing of Arthur Greenlee. From a judgment for plaintiff, defendant appeals.

The evidence showed the employment of Harry Warren by defendant in its yards to keep trespassers off of the property, protect the company's property, and to prevent men from stealing merchandise and material; that it was not his duty to make arrests, that he was not sworn in as officer; that his duty was to inquire the business of trespassers, and if they had none it was duty to get them to leave; that if he found anyone on the right of way he thought was interfering

with the company's property, it was his duty to notify the watchman in charge and cause the trespasser to be arrested and turned over to the police; that he was not authorized by his employer to nor was it aware that he carried a weapon.

The evidence of the plaintiff tended to show that the deceased, together with two other young men, between twelve and one o'clock at night started to walk from Centralia to Odin, and while passing north through the defendant's yards along the main track of defendant, they were met by Warren, whom they did not know; that one of the young men spoke to Warren but that he made no reply, and when the latter was opposite Arthur Greenlee that he spoke to him and asked him what he had on him; that Warren had a flash light in his hand and cast the light on Greenlee; that Warren pulled a gun out of his pocket; that Greenlee started to run off the track, when Warren fired one or two shots and then he ran after and fired more shots at Greenlee, who was shot in the back, from which he died.

W. W. BARR, JOHN J. BUNDY and KAGY & VANDERVORT, for appellant.

JONAS & HALEY, NOLEMAN & SMITH and BUNDY & WHAM, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

### Abstract of the Decision.

MASTER AND SERVANT, § 846*—*when master liable for watchman shooting trespasser.* Where a watchman employed by a railroad company to warn off trespassers, and to call the police to make arrests on their refusal to obey, shot and killed a trespasser as he was running from the property of the company, it is not answerable, where it had not authorized the watchman to nor was it aware that he was carrying a weapon, since the latter's act was not within the scope of his employment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.