WILLIAM J. HAYES, Defendant in Error, *vs.* MARSHALL E. SAMPSELL, Plaintiff in Error.

*Opinion filed June 22, 1916—Rehearing denied October 4, 1916.*

1. NEGLIGENCE—*master is liable for negligent acts of his servant within general scope of employment.* The master is liable for an injury caused to a third person by the acts of a servant within the general scope of his employment and in furtherance of his master's business, whether negligently or wantonly inflicted.

2. STREET RAILWAYS—*rule where young child riding on car by invitation of motorman is negligently injured.* Where a boy ten years old is invited by the motorman to ride on the front platform and he is injured by being thrown from the car after riding a short distance owing to the car being started with a sudden jerk, the company is liable even though the injury was not wantonly inflicted and the boy is not, in a strict sense, a passenger, as the rule applicable to adults in such situation will not be applied to young children who may have accepted, innocently, an invitation to ride without thought of defrauding the company.

3. SAME—*when act of motorman is within scope of his employment.* A motorman whose duty it is to stop his car upon signal to receive or discharge passengers is acting within the general scope of his employment in inviting a young child to get on the front platform and ride, even though there is a rule of the company that the conductor shall have charge of the car and that the motorman has no authority to reject or accept passengers, and the company owes to such child the same duty as though he were a passenger.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

JOSEPH D. RYAN, and FRANK L. KRIETE, (W. W. GURLEY, and J. R. GUILLIAMS, of counsel,) for plaintiff in error.

THOMAS E. ROONEY, and FERDINAND GOSS, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

William J. Hayes, a minor, by Elizabeth J. Casey, his next friend, brought an action on the case in the superior court of Cook county against the receivers of the Chicago Union Traction Company to recover damages for personal injuries sustained by the said William J. Hayes through the alleged negligence of said receivers in the operation of a certain street car in the city of Chicago. The original declaration consisted of two counts. A demurrer to the second count was sustained, and an amended second count and an additional third count were thereafter filed. Each of these three counts alleged that on or about June 1, 1906, the defendants were common carriers of passengers and were operating cars and trains of cars for the conveyance of passengers upon and along an electric railroad in Van-Buren street, in the city of Chicago; that on said day the plaintiff, William J. Hayes, was a passenger on one of said cars and was through the negligence of defendants thrown

from said car to the ground and seriously injured. The negligence charged in the first count was that the defendants, by their servants, carelessly, negligently, improperly and recklessly drove, managed and operated said car. The negligence charged in the amended second count was that the defendants, by their servants, negligently caused and permitted said car to suddenly stop in an unusual and violent manner and without warning to the plaintiff. The additional third count was the same as the second amended count, except the negligence charged was starting the car in an unusual and violent manner instead of suddenly stopping it in that manner. A trial was had before a jury and resulted in a verdict in favor of the plaintiff for $5000. After verdict the plaintiff obtained leave to file two additional counts, which were substantially the same as the first count and the additional third count, except that instead of alleging that the plaintiff was a passenger on the car it was alleged that he was lawfully in or on said car. Motions by the defendants for a new trial and in arrest of judgment were overruled, and the court rendered judgment upon the verdict against Marshall E. Sampsell, as sole surviving receiver of the Chicago Union Traction Company, for $5000. From that judgment Sampsell, as receiver, appealed to the Appellate Court for the First District, where the judgment of the superior court was affirmed. A writ of *certiorari* having been granted upon the petition of Sampsell, as receiver, the record has been brought here for review.

At the close of the plaintiff's case, and again at the conclusion of all the evidence, the defendants offered a peremptory instruction directing the jury to find the defendants not guilty. The refusal of the trial court to give the peremptory instruction is the principal ground relied upon by plaintiff in error for reversal.

At the time of receiving the injuries complained of in this suit the defendant in error, William J. Hayes, was ten years of age. His step-father, John Casey, was in the em-

ploy of the receivers of the Chicago Union Traction Company as a street car conductor, and defendant in error had become acquainted with some of the other employees of the receivers, including Patrick Blackwell, a motorman. Defendant in error lived at the corner of Mozart and Van-Buren streets, in the city of Chicago. Mozart street is a short block east of Francisco street. During the afternoon of June 1, 1906, between four and five o'clock, as defendant in error came out of a grocery store at the southeast corner of the intersection of VanBuren and Francisco streets, one of the street cars of the Chicago Union Traction Company running east on VanBuren street and operated by Blackwell as motorman stopped on the east side of the intersection of VanBuren and Francisco streets to receive certain passengers. Blackwell, seeing defendant in error at the corner, addressed him as follows: "Come here; what are you doing over here?" Thereupon defendant in error walked to the front entrance of the car, where the motorman was stationed, and boarded the car, standing on the step of the front entrance as the car proceeded eastward on VanBuren street. The defendant in error told Blackwell that he lived on Mozart street and asked him to stop there. Blackwell, however, failed to stop at Mozart street, but after passing that street slackened the speed of the car because of a wagon which was being driven along the track in front of the car. When the wagon left the track Blackwell suddenly started the car forward with a jerk, and defendant in error was thereby thrown from the step to the ground in front of the moving car and was seriously and permanently injured.

Defendant in error, as a witness in his own behalf, testified that he did not pay any fare while he was on the car and that he did not intend to pay any fare when he boarded the car. The car was constructed with a front entrance and a rear entrance, either of which could be used by passengers in entering or leaving the car. The car was in charge of a

conductor, whose duty it was to collect fares from all persons entering the car. The motorman had nothing whatever to do with the collection of fares, except that when a passenger boarded the car at the front entrance and remained on the front platform it was the duty of the motorman to signal the conductor that a passenger was on the front platform. The evidence tends to show that no such signal was given by Blackwell to the conductor while defendant in error was on the car. The evidence also shows that the motorman had authority to stop his car to receive and discharge passengers.

Plaintiff in error contends that the evidence most favorable to the defendant in error shows that he was not a passenger at the time he was injured but at most was merely a licensee; that the only duty which the receivers owed him was to refrain from willfully and wantonly injuring him, and that as there is no evidence tending to show that the injury was willfully or wantonly inflicted no liability was established against the receivers and the peremptory instruction should therefore have been given. Defendant in error, on the other hand, contends that the facts as hereinbefore recited establish the relation of carrier and passenger between the receivers and defendant in error at the time he was injured, and that, even though it be held that he was not a passenger in the strict sense of the term, he was rightfully on the car by invitation of the motorman, and the receivers owed him the duty of exercising reasonable care in the operation of the car.

The testimony of defendant in error and of the motorman tended to prove that defendant in error boarded the car upon the invitation of the motorman. The motorman was fully aware of defendant in error's position on the car and conversed with him up until the time of the accident.

Plaintiff in error contends that in the additional counts, in which the relation of passenger and carrier is not expressly averred, the negligence charged is a failure to per-

form the duties which that relation imposes and which the carrier did not owe to a mere trespasser or licensee, and that in order to establish a duty on the part of plaintiff in error toward defendant in error while he was on the car it was incumbent upon defendant in error to establish that he was there as a passenger, and that plaintiff in error owed no duty to a mere licensee, and no recovery could be had for an injury to a trespasser or licensee except in case of willful or wanton injury. Many cases are cited in support of these propositions. It is also contended that under the rule of the company which plaintiff in error offered in evidence the conductor was in charge of the car and the motorman had no authority to accept or reject passengers, and that, without regard to such rule, the burden was upon defendant in error to prove such authority. It is true that under the rule offered in evidence the conductor was in charge of the car and the motorman had no authority to exercise any control whatever over the passengers or to accept or reject passengers in the strict meaning of that term. The motorman, however, did stop the car upon signal to allow passengers to alight and to receive passengers, and passengers were discharged and received at the front as well as the rear end of the car. So far as the public could observe or were concerned, the motorman had the power to receive passengers upon the car, and when he invited defendant in error to become a passenger upon the car he was acting within the general scope of his employment. It is well settled that the master is responsible, where the servant acts within the general scope of his employment, for acts done while engaged in his master's business, with a view of furtherance of that business, by which injury is caused to another, whether negligently or wantonly committed. *Chicago, Milwaukee and St. Paul Railway Co.* v. *West,* 125 Ill. 320; *North Chicago City Railway Co.* v. *Gastka,* 128 id. 613.

The cases cited by plaintiff in error in support of his proposition that as to a trespasser or a mere licensee no duty exists and no recovery can be had except in case of willful or wanton injury, and that in order to establish a duty on the part of plaintiff in error towards defendant in error while he was on the car it was incumbent upon defendant in error to establish that he was there as a passenger, correctly state the law as a general proposition. Those cases, however, apply to adults and are not meant to apply to the case of a child of immature age. The question here is not as to the duty of plaintiff in error toward adults, but is, what is that duty in respect to a child of immature years? An adult certainly has no right to enter a car, such as that boarded by defendant in error, except as a passenger. If he should do so upon the invitation of one in charge of the car and without any expectation of paying his fare he will be bound to know that such an act is improper and will be held to be in collusion with the one in charge of the car to defraud the street car company. A child who has not yet arrived at the age of discretion and who might innocently accept such an invitation is not held to such a strict accountability.

In *Wilton* v. *Middlesex Railroad Co.* 107 Mass. 108, a girl nine years of age was invited by the driver of a street car to board the car, which she did while the car was moving slowly. When the child had one foot on the step the driver struck the horses and they started on a fast trot. By reason of the sudden starting of the car she lost her balance, fell and was seriously injured. It was admitted that the child was not a passenger for hire and that the driver had no authority to take her upon the car and carry her, unless such authority was to be implied by the fact of his employment by the railroad company as a driver. In holding that the railroad company was liable the court said: "The driver of a horse car is an agent of the corporation, having charge, in part, of the car. If in violation of his instruc-

tions he permits persons to ride without pay he is guilty of a breach of his duty as a servant. Such act is not one outside of his duties but is an act within the general scope of his agency, for which he is responsible to his master. In the case at bar the invitation to the plaintiff to ride was an act within the general scope of the driver's employment and if she accepted it innocently she was not a trespasser. It is immaterial that the driver was acting contrary to his instructions. It follows that the plaintiff being lawfully upon the car, though she was a passenger without hire, is entitled to recover if she proves that she was using due car at the time of the injury and that she was injured by the negligence of the driver."

In *Little Rock Traction and Electric Co.* v. *Nelson,* 66 Ark. 494, a boy ten years of age attempted to enter a street car upon the invitation of the motorman while the car was moving slowly. As he was boarding the car the motorman turned on the full electric current, thereby causing the car to make a sudden start forward and causing the boy to lose his footing on the steps and his hold on the handle-bars, resulting in a serious injury to him. The facts were quite similar to those in the case at bar. The child had no thought of paying fare and was boarding the car upon the invitation of the motorman. In passing upon the questions involved, the court stated that the employees of a street railway company are under no obligation to keep a lookout to prevent boys endeavoring to ride without permission from entering its cars while in motion, and that a boy who does or attempts to do so is a trespasser and the company owes him no duty save not to injure him wantonly, but in holding that the traction company was liable for the injury to the child, who was upon the car by invitation of the motorman, the court said: "A boy ten years of age, riding upon a street car without paying fare, by invitation of a motorman in charge of the same, who has authority to receive and let off passengers, is not a trespasser. The invi-

tation of the motorman is an act within the general scope
of his employment, for which he is responsible to his mas-
ter.   If the boy. accepts it innocently he is no trespasser,
and it is the duty of the company to extend to him the dili-
gence due to passengers of his age and discretion."

In the recent case of *Solomon* v. *Public Service Rail-
way Co.* 87 N. J. L. 284, (92 Atl. Rep. 942,) the same hold-
ing was made in a case where the facts were almost iden-
tical with those in the case at bar.   Irving Solomon, nine
years of age, was beckoned by the motorman of a trolley
car to get on and ride.   The boy got on the step of the car
with both feet, holding the hand-rail, and as he was turn-
ing around to sit down on the platform the car gave a sud-
den jerk and threw him off.   It was urged, as here, that the
act of the motorman in inviting the child to ride was not
within the scope of his employment and that the railway
company owed him no duty because he was not a passenger
but a trespasser, or, at most, a licensee.   In holding the rail-
road company liable the court said: "Whatever may be
the rule in this regard as applicable to adults, we must not
lose sight of the fact that we are dealing here with the duty
owing to children of immature years, of whom, in the light
of reason, the same measure of the exercise of discretion is
not required.   An argument similar in import as made here
was advanced in *Danbeck* v. *New Jersey Traction Co.* 57
N. J. Law, 463, where it appeared that the plaintiff, a lad
of ten years, was invited by the conductor of a car to come
on the front platform to receive some money to buy him
(the conductor) a package of cigarettes, and while the con-
ductor had his hand in his pocket to get the change the
car gave a lurch, whereupon the driver of the car struck
the horses to pull them back on the track, which started
the horses off at great speed, with the result that the con-
ductor was thrown against the boy with sufficient force to
knock him off the car.   Chief Justice Beasley, in dispos-

ing of the question raised by counsel of the company, on page 465 of 57 N. J. Law, said: "The question is not as to the duty of the defendant towards persons of mature years, but, what is that duty with respect to children? It might be quite reasonable to declare as a rule of law that a grown person has no right to enter a car except as a passenger, and if he does so as the friend of the conductor that such a situation creates no relationship between such person and the car company and that the latter is under no obligation to see to his safety, while it may be unreasonable in the extreme to apply the same rule to a child under similar circumstances. Very few of the rules that regulate the conduct of a man with his fellow could be applied, with the least show of reason, to his intercourse with children. It is the legal duty of everyone dealing with a child to protect it against its own indiscretion.' "

The reasoning in these cases is sound. We do not disagree with any of the authorities cited by plaintiff in error in support of his general propositions, but these cases do not apply to children of tender years. Defendant in error was not a trespasser. He was lawfully on the car upon the invitation of the motorman, and plaintiff in error owed him the same duty he owed a passenger.

Complaint is made of the action of the court in giving and refusing instructions. Our discussion of the duty which plaintiff in error owed to defendant in error while he was upon the car disposes of the contentions made in respect to the instructions.

As there is no error in the record the judgment of the Appellate Court is affirmed.        *Judgment affirmed.*