## Jacob Margolis, by Frieda Margolis, Appellant, v. Bremner Brothers Company, Appellee.

### Gen. No. 25,205.

NEGLIGENCE, § 16*—*when trespasser on wagon cannot recover for injuries.* In an action to recover for personal injuries received by plaintiff, a child of tender years, in alighting from defendant's moving wagon in obedience to its driver's order, where there is no count in the declaration alleging that plaintiff was wantonly or wilfully injured, and it appears from plaintiff's own evidence that he was a trespasser on defendant's wagon at the time he was injured, he cannot recover.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed May 28, 1920.

McMAHON, GRABER & ELWARD, for appellant; JOSEPH F. ELWARD, of counsel.

JOHN A. BLOOMINGSTON, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This was an action on the case for personal injuries sustained by plaintiff, a child between 6 and 7 years of age, as a result of alleged negligence of the defendant. At the close of plaintiff's evidence the court directed the jury to return a verdict for the defendant, which the jury did, and judgment was entered on the verdict. The question is whether the court properly directed the verdict.

Appellant says: "The evidence shows that plaintiff was riding on a side step of a bakery wagon owned and operated by the defendant; that this bakery wagon had a covered top, and that the step on which the plain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiff was riding was on the left side of the bakery wagon, about five (5) feet from the front of the wagon; that the wagon was proceeding eastward, along Polk street, at a slow trot; that just before it reached Robey street the driver of the wagon shouted in a loud voice to plaintiff, while he was so riding on the side step, 'Hey! get off!' but that the driver did not stop the bakery wagon or decrease its speed or make any provision for the plaintiff to get off this side step; that immediately after the driver spoke these words, the plaintiff started to get off this side step and fell under the rear left wheel of the bakery wagon.''

This statement is substantially correct but omits one material matter testified to by plaintiff himself. He says: ''I was hitching on the wagon and the man told me to get off; the driver of the wagon.'' It thus clearly appears, we think, that plaintiff was a trespasser. There was no count in the declaration alleging that plaintiff was wantonly or wilfully injured by defendant.

We think on the uncontradicted facts that plaintiff could not recover.

Appellant relies on *North Chicago City Ry. Co. v. Gastka,* 128 Ill. 613, and *Smorawski v. Chicago City Ry. Co.,* 211 Ill. App. 557. The defendants in both these cases were common carriers of passengers and there was, therefore, an implied invitation for any one to become a passenger who cared to do so. The rule in these cases would, therefore, not be applicable in this case. *Scott v. Peabody Coal Co.,* 153 Ill. App. 103, is also cited, but in that case the defendant's servant invited the plaintiff to ride upon the wagon. In *Hayes v. Sampsell,* 274 Ill. 258, the rules applicable where the plaintiff, being a child, is on a conveyance by invitation of the owner, express or implied, are discussed, and the conclusion reached the defendants may in such cases be held liable. We do not think that rule applicable to the undisputed facts here. We think the

court properly directed a verdict and the judgment will be affirmed.

*Affirmed.*

MR. JUSTICES BARNES and GRIDLEY concur.