## Nick Kovatich, Appellant, v. Walter L. Ross, Receiver of the Toledo, St. Louis & Southwestern Railroad Company, Appellee.

MASTER AND SERVANT—*liability of railroad company for assault by private police officer on trespasser as jury question.* In an action against a railroad company for damages for injuries sustained by plaintiff when he was shot by a special police officer employed by defendant to protect its property and arrest persons found destroying or carrying it away, it was error to direct a verdict for defendant where the evidence showed that plaintiff, while gathering grass on the right of way, was ordered off by the police officer who then pursued him onto private property and shot him in attempting to make an arrest, and in such case the jury should have been permitted to determine whether the officer was acting within the scope of his employment.

Appeal by plaintiff from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1923. Reversed and remanded. Opinion filed July 2, 1923. Rehearing denied July 27, 1923.

FAULKNER & MOORE, for appellant.

C. E. POPE, for appellee; W. A. EVERSMAN, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Nick Kovatich, appellant, who is a resident of Madison county, brought this suit against Walter L. Ross, receiver of the Toledo, St. Louis and Southwestern Railroad Company, appellee, for injuries claimed to have been inflicted upon him by one L. W. Boyd, an employee of appellee.

The first of the two counts of the declaration alleges that appellant lived near the tracks of said railroad company and that it had long been his custom and that of others in the neighborhood of said tracks to

go upon the railroad right of way to take grass there-from; that this custom was known to the agents and servants of the railroad company and that they made no objection thereto; that on April 18, 1920, while appellant was engaged in plucking grass on said right of way, a certain agent and servant of appellee, then and there acting within the scope of his employment, wilfully shot appellant in the leg with a bullet from a pistol or gun, thereby inflicting upon him a serious wound. The second count is substantially the same as the first and alleges that while appellant "was peace-ably upon said right of way" an agent or servant of appellee, acting within the scope of his employment, wilfully shot him. Appellee filed the general issue and upon the trial the court at the close of appellant's evidence instructed the jury to find appellee not guilty, which was done.

Appellant has assigned as error the action of the court in directing a verdict for appellee. He asserts, and this assertion seems reasonable from a reading of the record, that the action of the trial court was based upon the belief that appellant had failed to prove that the employee of appellee was acting within the scope of his employment, at the time he fired the shots which inflicted the injuries complained of. Appellant, Kovatich, testified that on April 18, 1920, he went on a farm close to appellant's property and was pulling grass when a man named Boyd said, "get away from here"; that he went on a wheat field about 100 steps from the railroad property and looking back saw Boyd running after him; that when he was 300 yards away from the railroad property, Boyd shot him through the knee. Two other witnesses, Anton Kohl and Vronick, who were passing by at the time, corroborated appellant as to the circumstances of the shooting. Lemuel W. Boyd, who did the shooting, was called as a witness for appellee, and testified that he was a "sergeant of police" employed by appellee;

that he was employed through the "chief of police" of appellee, to act as a patrolman; that his instructions were to protect the property of appellee; that "if he caught anyone destroying or carrying away any of appellee's property he was to turn him over to the police; that at the time appellant was shot, witness was making or attempting to make an arrest." The only other witness called was a physician who testified concerning the nature of the wound.

The general rules of law applicable to the liability of a master for the act of a servant have been clearly defined and are well understood, but it is not always an easy task to apply these rules to the facts of a particular case. The doctrine enunciated by our Supreme Court in *North Chicago City Ry. Co. v. Gastka,* 128 Ill. 613, on this subject is that: "Where the relation of master and servant exists between the railway company and the person whose act may be the cause of an injury to another, the company will not be liable if the servant, in causing the injury, is not acting within the scope of his employment; but, on the other hand, the law is equally well settled that the master will be responsible, where the servant acts within the general scope of his employment, for acts done while engaged in his master's business with a view to the furtherance of that business, by which injury is caused to another, whether negligently or wantonly committed." The same language is substantially used in *Hayes v. Sampsell,* 274 Ill. 258. This court follows the above rule and used language of similar import in *Haynie v. Illinois Cent. R. Co.,* 194 Ill. App. 113.

In other jurisdictions it has been specifically held that a special police officer employed by a railroad to watch over its yards acted within the scope of his authority in shooting a trespasser who refused to halt when so ordered. (See Ruling Case Law, vol. 18, p. 811.) Boyd, according to his statement, was a

"sergeant of police" and his duty was to protect the property of appellee and to arrest and turn over to the police any person he caught destroying, taking or carrying away any of the property of appellee. He was attempting to make an arrest when he shot appellant and it is plain that he thought he was engaged at the time in doing something he was employed by the appellee to do. The evidence in this case strongly tends to show that Boyd was at the time in good faith attempting to perform the duty he was employed by appellee to perform. The case should therefore have been submitted to the jury and the court erred in giving the peremptory instruction in favor of appellee.

Appellee contends that the decision of this court in the case of *Haynie v. Illinois Cent. R. Co., supra,* clearly sustains the ruling of the trial court in this case. In that case, however, the proof shows that the employee who fired the shots which caused the death of appellee's intestate had no duty imposed on him to make arrests, that he was not sworn in as an officer; that it was his duty to inquire the business of trespassers and if they had none to get them to leave; that if he thought they were interfering with the company's property it was his duty to notify the watchman and cause their arrest. In this case, Boyd, who did the shooting, says he was a police officer and that it was his duty to turn parties he caught destroying property over to the police and that he attempted to make an arrest. The facts therefore in the two cases are widely different.

For the reasons above given the judgment in this case will be reversed and the cause remanded.

*Reversed and remanded.*